# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50753
CONSOLIDATED WITH
No. 24-50754
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ENRIQUE OCHOA-GALINDO,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:19-CR-614-1, 4:24-CR-144-1

---

Before RICHMAN, DOUGLAS, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Enrique Ochoa-Galindo appeals his conviction and sentence for illegal reentry into the United States, as well as the order revoking the term of supervised release he was serving at the time of the offense. Regarding the illegal reentry offense, he argues that 8 U.S.C. § 1326(b) is unconstitutional

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50753
c/w No. 24-50754

because it allows a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Because Ochoa-Galindo does not address the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Ochoa-Galindo acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve it for possible Supreme Court review. The Government has moved for summary affirmance or, alternatively, for an extension of time to file its brief.

This court has held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a 'narrow exception' permitting judges to find only 'the fact of a prior conviction'" (quoting *Alleyne*, 570 U.S. at 111 n.1)). Accordingly, Ochoa-Galindo is correct that his argument is foreclosed. Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

\*    \*    \*

Accordingly, the motion for summary affirmance is GRANTED, and the district court's judgments are AFFIRMED. The Government's alternative motion for an extension of time is DENIED.

2